## Ruckdeschel v. Drexel Hill Savings and Loan Association

*R. Stuart Jenkins*, for plaintiff.

*James Patterson* and *Edward J. Blake*, for defendant.

TOAL, J., January 4, 1963.—Plaintiff, John K. Ruckdeschel, filed a petition in equity praying that the court appoint three disinterested persons to appraise the fair value of his shares in the Drexel Hill Savings and Loan Association as of the day prior to the date on which the vote was taken approving the merger of said defendant with another savings and loan association.

Plaintiff based his petition on the ground that he dissented to the said merger and therefor was entitled to be paid the fair value of his shares as of one day prior to the date on which the merger was approved. Defendant by said merger was to be and remain the surviving association in the merger. Petitioner maintains that as a dissenting shareholder his fair value of his shares should be made up of (1) the value of his shares, money paid in plus earnings, (2) plus a proportionate part of the undivided profits and (3) a proportionate share of the reserve fund as set up by defendant association.

Both sides have stipulated on the record that the reserves as of February 28, 1962, were $90,899.58 and the undivided profits were $40,567. The appointment of appraisers has been waived and the court has been requested to rule, first, on whether or not the petitioner gave timely notice of dissent to the merger and, second, whether or not the reserves of the association are to be included in determining the fair value of the dissenting shareholder's shares.

The Pennsylvania Building and Loan Code of May 5, 1933, P. L. 457, as amended, art. 10, sec. 1002(b), provides:

"B. The board of directors of each association or Federal savings and loan association, upon approving such plan of merger, consolidation or conversion in accordance with the provisions of this act, shall, by resolution, direct that the plan be submitted to a vote of the shareholders of such association or Federal savings and loan association entitled to vote thereon, at an annual or special meeting of the shareholders. Written notice shall, not less than fifteen days before such annual or special meeting, be given respectively to each shareholder of record. The notice shall state the place, day, hour, and purpose of the meeting, and a copy or summary of the plan of merger, consolidation or conversion, as the case may be, shall be included in or en-

closed with such notice: *Provided, however, That in the case of the surviving association in a merger, if the articles or by-laws specifically so provide, the plan of merger shall not be required to be submitted to the shareholders for approval, but in such case written notice of such contemplated merger shall be given to all shareholders of the surviving association, prior to the day upon which the articles of merger are filed with the Department of State: And provided further, That in such event, upon request in writing to the secretary of the association, any shareholder of the surviving association shall be entitled to receive forthwith a copy of the proposed plan of merger.*" (Italics supplied.)

On February 16, 1962, respondent savings and loan association, then named West Walnut Savings and Loan Association, sent notice that its board of directors had approved a proposed plan of merger whereby the Businessmen's Building and Loan Association would be merged with the West Walnut Savings and Loan Association and that the latter association would be the surviving association. The notice stated further that a copy of the plan of merger would be furnished to any stockholder who requested same. This notice was pursuant to the above provisions of the code since the by-laws of the West Walnut Savings and Loan Association provided that in any merger in which that association was the survivor, the plan of merger need not be submitted to the shareholders for approval.

On February 18, 1962, the petitioner, John K. Ruckdeschel, acknowledged by letter receipt of the above-mentioned notice and requested a copy of the plan of merger which was furnished him. On March 12, 1962, the petitioner notified defendant association by mail that he objected to the proposed merger and made a demand for the "fair value of his shares".

Article 10, section 1009, of the Building and Loan Code provides as follows:

"Rights of dissenting shareholders.—A. If any shareholder of an association or Federal savings and loan association which becomes a party to a plan of merger, consolidation or conversion shall file with such association or Federal savings and loan association, prior to or at the meeting of the shareholders at which the plan of merger, consolidation or conversion is submitted to a vote, or in the case of a shareholder of a surviving association which, pursuant to the provisions of this act, becomes a party to a plan of merger without action by its shareholders, shall file, *within twenty days after the written notice of such merger has been given as required by this act, a written objection to such plan of merger, consolidation or conversion, and shall not vote in favor thereof,* and such shareholder, within twenty days after the merger, consolidation or conversion was effected, shall make written demand on the surviving, new or converted association or Federal savings and loan association for the payment of the fair value of his shares as of the day prior to the date on which the vote was taken approving the merger, consolidation or conversion, or in the case of a surviving association which, pursuant to this act, became a party to the merger without action of its shareholders the day prior to the date on which the articles of merger were filed with the Department of State, without regard to any depreciation or appreciation thereof in consequence of the merger, consolidation or conversion, the surviving, new or converted association or Federal savings and loan association shall pay to such shareholder the fair value of his shares upon surrender of the share certificate or other evidence of his shares. The demand of the shareholder shall state the number and kind of the shares owned by him. Any shareholder who fails to file such written objection, *or any shareholder who files such written objection and fails to make demand within the twenty-day period, shall be*

*conclusively presumed to have consented to the merger,* consolidation or conversion, and shall be bound by the terms thereof. If within thirty days after the date on which such merger, consolidation or conversion was effected, the value of such shares shall be agreed upon by the dissenting shareholder and the surviving, new or converted association or Federal savings and loan association, payment thereof shall be made in cash, within ninety days after the date on which such merger, consolidation or conversion was affected, upon the surrender of the share certificate or other evidence of his shares. Upon payment of the agreed value, the dissenting shareholder shall cease to have any interest in such shares or in the association or Federal savings and loan association." (Italics supplied.)

It is clear that this section requires that a shareholder of a surviving association, which pursuant to the code, becomes a party to a plan of merger without action by its shareholders, who desires to dissent, must file a written objection to the plan of merger within 20 days after getting written notice of such merger. The written notice is the sine qua non. Unless the shareholder complies with the notice within the time specified, he cannot qualify as a dissenting shareholder.

The record in the case at bar discloses that the petitioner shareholder received notice of the proposed merger on or before February 18, 1962. His notice of dissent was not sent until March 12, 1962, or 22 days later. He did not, therefor, dissent until 22 days after receiving notice of the proposed merger and cannot be said to have given notice of his dissent within 20 days of receiving notice of the proposed merger. This court is of the opinion that the legislature meant what it said when it specified "within twenty days" notice of dissent must be made in writing. We, therefore, rule that the petitioner in this case does not qualify as a

dissenting shareholder and cannot have any of the rights appertaining to such status.

Petitioner has not qualified as a dissenting shareholder pursuant to article 10, section 1009, of the Building and Loan Code by filing notice of written objection to the merger of respondent within 20 days of notice to him.

The second question to wit: "Is a properly qualified dissenting shareholder to a merger entitled to a proportionate share of reserves and undivided profits of a Savings and Loan Association"? need not be answered in this opinion for the reason that the petitioner does not qualify as a dissenting shareholder and, therefore, has the status of a member shareholder of the newly merged association only. Upon notice of his desire to withdraw as a shareholder, he would be entitled to receive payment of his principal paid into the association plus earnings to the date of his notice of withdrawal. The earnings would represent the amount apportioned by the association to each share of stock after provision for all necessary reserves and undivided profits have been made.

Accordingly the following is made:

### Order

And now, January 4, 1963, a petition in equity praying for the court to appoint three disinterested persons to appraise the fair value of said petitioner's shares in the Drexel Hill Savings and Loan Association as of the day prior to the date on which a vote was taken approving a merger without regard to any depreciation or appreciation in consequence of said merger, having been filed by said petitioner, and the matter having been argued before the court en banc, together with the submission of written briefs by each side, and after due and careful consideration, it is hereby ordered and decreed as follows:

1. That said petition be and it is hereby dismissed; and

2. That said petitioner has failed to qualify as a dissenting shareholder to said merger and has only the rights and status of a member shareholder of the newly merged association; and

3. That an exception be granted said petitioner. Petitioner to pay the costs.